# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MERLIN COLLINS, #184636, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 05-0487-CG-C |
| ALABAMA DEPARTMENT OF CORRECTIONS MEDICAL HEALTH CARE, et al., | : |
| | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.

## I. Amended Complaint (Doc. 4).

The complaint before the Court is an amended complaint (Doc. 4), which supersedes the original complaint. Plaintiff was ordered to file it because the original complaint was not filed on the Court's complaint form. (Docs. 1 & 3)  Dr. Barnes is the

only entity named as a defendant in the amended complaint.[1]  (Doc. 4)  No reference is made in the amended complaint to a specifically diagnosed medical condition of plaintiff; instead, plaintiff just describes his symptoms.  In the original complaint (Doc. 1), however, plaintiff states that he has been diagnosed with rheumatoid arthritis by prison doctors.

The following is a description of plaintiff's amended complaint's allegations, which the Court is taking as true for the purpose of this report and recommendation. *Erickson v. Pardus,* ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007).  Plaintiff characterizes his § 1983 action as one for "medical malpractice and negligence" based on "poor, incomplete [and] substandard medical care."  He also states that "negligence/and unskillfulness implies wrongful intention and is not a mere error of judgment." He alleges that he filed this action a year after he had hernia repair surgery, which he believes has caused his body's deterioration, i.e., excessive weight loss, bleeding blisters, and knots popping out all over his body.  Prior to the surgery plaintiff was able to take care of himself.  Now, he requires assistance in accomplishing the simplest tasks, such as putting on his socks.  D.O.C medical services has not been able to determine the cause of his knots and rashes and bumps.

Plaintiff relates that he was in Warden Ferrell's office when he heard the warden

---

[1]The complaint form provides that "[t]he persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action." Doc. 4 at 1, D.

saying to nurse Shipman on the telephone, "What are we going to do about Mr. Collins (sic) condition? Let him die?" (Attached inmate request slip) Mrs. Shipman did not answer this question or the other questions that the warden had, but she stated that D.O.C. medical services had plaintiff taking medications. Plaintiff states that his weight loss, bleeding blisters, and knots appear to be the result of several types of experimental medications. And until he met with Warden Ferrell, he had not received any follow up treatment or the care was "poor, incomplete, substandard and error-ridden medical care." Two days prior on August 15, 2005, he was told by a nurse that "Doctor (?) 'Had said 'Merlin Collins no - longer needed a - no - standing profile . . .' and nurse would not update Mr. Collins medical standing profile." Plaintiff asserts "All of D.O.C. Doctor's efforts to treat and correctly diagnose/and identify illnesses has been to no-avail...' in Merlin Collins case."

The only allegations that the Court discerns being specifically directed to defendant Barnes are found in section III of the complaint form (Doc. 4 at 5) and possibly the foregoing sentence is directed to him. In this space the defendant is identified as "D.O.C. Doctor Barnes, et, al." Plaintiff states the defendant is employed as a doctor at G. K. Fountain and the claim against the defendant is: "medical malpractice/and negligence, poor, incomplete, substandard medical care." For support of his claim, plaintiff refers the Court to the attached Memorandum in Support.

Even though plaintiff was instructed in the complaint not to make any arguments or cite to any law (Doc. 4, at 2, E ), he included vague statements such as "officials or

employees who know or reasonably should know of a constitutional deprivation may be held liable if they fail to do anything about," "defendants have the knowledge and power to correct the deprivational act thats being committed right here at G.K. - fountain Correctional Center. (A 'Duty to Act)," and a "superintendent of treatment was held liable based one evidence of steps with in his power to fix /and or correct a problem." For relief, plaintiff requests injunctive relief and $750,000 in punitive damages and $3,000,000 in compensatory damages.

## II.  **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted if the complaint does not contain"'enough factual matter . . . to suggest' the required element[s] of the claim" and if the facts are not

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

"suggestive enough to render [the element[s]] plausible.'" *Watts v. Florida Int'l Univ.,* ___ F.3d ___, 2007 WL 2331029, at *5 (11th Cir. Aug. 17, 2007) (quoting *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007) (second brackets in original) (applying *Bell Atlantic*'s standard to a § 1983 action for termination from a hospital practicum which ultimately precluded receipt of a master's degree); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock,* ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

"In order to state a cognizable medical claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). The first element of an Eighth Amendment medical claim is an objective one requiring an inmate to establish that he has a serious medical need. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quotation omitted). The second element, which is subjective, requires that a plaintiff show that a defendant's

actions constituted a deliberate indifference to a serious medical need. *Farrow,* 320 F.3d at 1243. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105-06, 97 S.Ct. at 292 (quotation marks omitted). Moreover, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.) (quotation omitted), *cert. denied,* 475 U.S. 1096 (1986)..

 In the present action, it is apparent that plaintiff is receiving some type of treatment because he is challenging its adequacy. The Court is hampered by plaintiff's pleadings from delving further into what the condition is that plaintiff is or is not receiving treatment, the type of treatment he has received, and when he has received it. Nonetheless, it appears that nurses and more than one doctor have seen him. The Court, therefore, cannot attribute all of plaintiff's allegations to defendant Barnes. Moreover, in plaintiff's unclear and vague description of his claim in the attachment and in section II (G), he has not connected defendant Barnes to any descriptive allegations tending to show defendant Barnes was deliberately indifferent to plaintiff. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which

relief may be granted in a § 1983 action); *see also Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding that vague and conclusory allegations are subject to dismissal).  In addition, based on these ambiguous allegations, the Court cannot say that the actions of the medical personnel even rise to the level of medical malpractice or negligence.

Despite giving leniency to *pro se* litigants, the courts do not have license to serve as a *pro se* plaintiff's *de facto* attorney or to rewrite a deficient complaint.  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1368 (11th Cir. 1998). Therefore, when considering whether a complaint should be dismissed for failure to state a claim, the complaint must "give the defendant fair notice of what the ... claim is and grounds upon which it rests." *Erickson,* 127 S.Ct. at 2200 (quoting *Bell Atlantic,* 127 S.Ct. at 1964).  Detailed factual allegations are not necessary to establish the grounds, but "plaintiff's pleading obligation 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Johnson v. Mobile County Sheriff Dept.,* 2007 WL 2023488, at * 2 (S.D. Ala. July 9, 2007) (quoting *Bell Atlantic,* 127 S.Ct. at 1964-65).  The pleading rules "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Id.*  (quoting *Bell Atlantic,* 127 S.Ct. at 1974).  Because plaintiff has failed to offer any "'factual matter to suggest' the required element" - deliberate indifference on defendant Barnes's part, plaintiff has failed to state a medical claim upon which relief can be granted against defendant Barnes. *Watts*, 2007 WL 2331029, at *5.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 31st day of August, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY<br>
UNITED STATES MAGISTRATE JUDGE